```
1
2
3
4
5
6
7
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LIONEL NAVARRO,

        Petitioner,                              No. CIV S-08-1659 GGH P

vs.

ROBERT AYERS, et al.,

        Respondents.                          ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

        Petitioner is presently incarcerated at San Quentin State Prison. Petitioner challenges the 2007 decision by the Board of Parole Hearings (BPH) finding him unsuitable for parole.

        It is established that a petitioner for habeas corpus relief under 28 U.S.C. § 2254 must name "the state officer having custody of him or her as the respondent to the petition." Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir.1994). The U.S.Supreme Court recently reiterated that with certain infrequent exceptions not applicable here:

> The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243

1

1  ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. *Ibid.* We summed up the plain language of the habeas statute over 100 years ago in this way: "[T]hese provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Wales v. Whitney*, 114 U.S. 564, 574, 5 S.Ct. 1050, 29 L.Ed. 277 (1885) (emphasis added); see also *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) ("The writ of habeas corpus" acts upon "the person who holds [the detainee] in what is alleged to be unlawful custody," citing *Wales,* supra, at 574, 5 S.Ct. 1050); *Braden*, supra, at 495, 93 S.Ct. 1123 ("'[T]his writ ... is directed to ... [the] jailer,'" quoting In the *Matter of Jackson*, 15 Mich. 417, 439- 440 (1867)). In accord with the statutory language and *Wales*' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement–"core challenges"--the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, *not the Attorney General or some other remote supervisory official.*

Rumsfeld v. Padilla, 542 U.S. 426, 434-435, 124 S.Ct. 2711, 2717-2718 (2004) (emphasis added) (refusing to recognize the Secretary of Defense as the custodian of military detainees, and finding that the commander of the brig where Padilla was being held is the proper custodian).

See also Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) ("A custodian 'is the person having a day-to-day control over the prisoner. That person is the only one who can produce 'the body' of the petitioner." Guerra v. Meese, 786 F.2d 414, 416 (D.C.Cir.1986) (Parole Commission is not custodian despite its power to release petitioner). But see Ortiz-Zandoval v. Gomez, 81 F.3d 891 (9th Cir. 1996) permitting the head of California Corrections to be the proper custodian, but this case is in doubt after Padilla which held that a remote supervisory official was not to be the custodian).

Thus, the proper custodian is the warden or sheriff in charge of the facility where the prisoner is confined.

/////

Any warden or sheriff in California is amenable to personal jurisdiction in the Eastern District in cases alleging that the BPH improperly found a prisoner unsuitable for parole because personal jurisdiction is a state-wide, not individual district, concept. However, venue concepts are oriented to individual districts. In habeas corpus cases, venue is proper: (1) in the district of confinement, or (2) in the district of "conviction and sentencing." 28 U.S.C. § 2241(d). Because it is difficult to stretch "conviction and sentencing" into a decision revoking parole, only the first venue option is appropriate. Moreover, since prisoners are not normally transferred about for parole eligibility or revocation hearings, the district of confinement would normally be the district of "conviction and sentencing" anyway even if that rubric were utilized in the parole eligibility setting.[1]

Thus, the court should not maintain this case in this district.[2]

/////
/////
/////
/////
/////

---

[1] If the literal interpretation of "conviction and sentencing" were to be employed, i.e., the district where petitioner suffered his underlying conviction, maintaining the action in that place in parole suitability situations would not be as appropriate as having it in the place of confinement. First, in the logistical sense, the issue of parole suitability has little to do with the place of conviction – the court will not be concerned with the ease of mustering witnesses and evidence. Secondly, even though the local government officials at the place of conviction may retain an interest in having parole denied, habeas cases are handled by the state Attorney General's Office, and local officials are not involved in the federal court litigation regarding review of the parole eligibility decision. The issues involved in the federal court review will not center about the opinions of local officials, and even if it did, those opinions will be of record already.

[2] The opposite policy is in effect for the "usual" habeas cases involving attack upon a conviction or sentence. In those cases there is an advantage to transferring to the district of conviction because evidence and witnesses for any evidentiary hearing are more likely to be located there. The California federal district courts have long employed a blanket transfer policy to the district of conviction for "conviction" habeas cases.

1  Accordingly, in the furtherance of justice, IT IS HEREBY ORDERED that this
2  matter is transferred to the United States District Court for the Northern District of California.
3  28 U.S.C. § 2241(d).
4  DATED: 08/08/08

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

7  nav1659.tra