United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL NAVARRO,<br><br>　　　　Petitioner,<br><br>　v.<br><br>ROBERT AYERS, Warden,<br><br>　　　　Respondent.<br>_____ | No. C 08-3866 MMC (PR)<br><br>**ORDER TO SHOW CAUSE; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(Docket No. 7)** |

On July 18, 2008, petitioner, a California prisoner incarcerated at San Quentin State Prison and proceeding pro se, filed, in the United States District Court for the Eastern District of California, the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the denial of parole by the California Board of Parole Hearings ("Board") in 2007. Subsequently, Magistrate Judge Gregory G. Hollows of the Eastern District transferred the case to the Northern District on venue grounds. On August 12, 2008, the case was assigned to the undersigned. Petitioner has paid the filing fee.

## BACKGROUND

In 1977, in the Superior Court of Tulare County, petitioner was convicted of first degree murder and attempted robbery. He was sentenced to a term of seven years to life in state prison. On July 24, 2007, the Board, for the sixteenth time, found petitioner unsuitable for parole. On July 9, 2008, the California Supreme Court denied petitioner's state habeas corpus petition challenging the Board's decision.

## DISCUSSION

A. Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person

in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.  Petitioner's Claims

Petitioner claims the denial of parole violated his federal constitutional right to due process because (1) the Board's decision that petitioner's release would pose an unreasonable risk to public safety was not supported by some evidence, (2) the Board's three-year denial of parole was arbitrary and capricious, and (3) the Board relied solely on the thirty-year old commitment offense to justify the denial of parole. Liberally construed, petitioner's claims are cognizable.

C.  Motion for Appointment of Counsel

Petitioner has filed a motion for the appointment of counsel to represent him in this action. Specifically, petitioner argues, counsel should be appointed herein because petitioner currently has pending in the Eastern District a habeas corpus petition challenging the Board's denial of parole in 2005, and, in that action, Magistrate Judge Craig M. Kellison sua sponte appointed counsel to represent petitioner due to the complexity of the claims raised therein. See Navarro v. Ayers, No. CIV S-06-1531-LKK-CMK-P (Order, filed Sept. 25, 2006.) Petitioner asserts that "the claims in the instant petition are just as complex" as in the Eastern District petition, with the only difference being that in the instant case three more years have passed during which petitioner has continued to meet the criteria that entitle him to be released on parole, and the California Supreme Court has recently issued two state habeas corpus decisions clarifying that the Board must set a parole date unless it determines that

1 inmate poses a current threat to public safety.  (Mot. at 1-2.)  Petitioner states that his
2 attorney in the Eastern District action, Jennifer M. Sheetz, has expressed her willingness to
3 act as counsel in the instant matter if so appointed by the Court.

4       The Sixth Amendment's right to counsel does not apply in habeas actions.  <u>Knaubert</u>
5 <u>v. Goldsmith</u>, 791 F.2d 722, 728 (9th Cir.), <u>cert. denied</u>, 479 U.S. 867 (1986).  Pursuant to
6 statute, however, a district court is authorized to appoint counsel to represent a habeas
7 petitioner whenever "the court determines that the interests of justice so require and such
8 person is financially unable to obtain representation."  <u>See</u> 18 U.S.C. § 3006A(a)(2)(B).

9       Here, petitioner's claims have been adequately presented in the petition.  Moreover, to
10 the extent the arguments petitioner raises in the instant petition are the same as, or
11 substantially similar to, those raised in the Eastern District petition, petitioner may rely upon
12 the papers filed by counsel in the Eastern District to prepare his response to the state's
13 answer herein.  Further, the California Supreme Court's recent issuance of decisions in the
14 two habeas corpus parole cases to which petitioner cites, <u>In re Lawrence</u>, 44 Cal. 4th 1181
15 (2008), and <u>In</u> <u>Re</u> <u>Shaputis</u>, 44 Cal. 4th 1241 (2008), is not a circumstance warranting the
16 appointment of counsel.  Consequently, the interests of justice do not require appointment of
17 counsel in the instant case at this time.  Should the circumstances change materially at a later
18 stage of the litigation, the Court will reconsider this ruling sua sponte.

19 **CONCLUSION**

20     For the reasons stated above, the Court orders as follows:

21     1.  Petitioner's motion for the appointment of counsel is hereby DENIED.  (Docket
22 No. 7.)

23     2.  The Clerk shall serve by certified mail a copy of this order and the petition, along
24 with the exhibits lodged in support thereof, upon respondent and respondent's counsel, the
25 Attorney General for the State of California.  The Clerk shall also serve a copy of this order
26 on petitioner.

27     3.  Respondent shall file with the Court and serve on petitioner, within **ninety (90)**
28 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the

Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline they seek to extend.

This order terminates Docket No. 7.

IT IS SO ORDERED.

DATED: February 9, 2009

MAXINE M. CHESNEY
United States District Judge

**United States District Court**
For the Northern District of California

4